## In re Chaim EINHORN, Debtor.

## In re VACATION PLANNING CENTER, INC., Debtor.

**Bankruptcy Nos. 182–11949–260, 182–11950–260.**

United States Bankruptcy Court, E.D. New York.

May 26, 1983.

Oliner & Oliner, New York City, for petitioning creditors.

Kensington, Sterba, Ressler & Taub, New York City, for debtor.

### DECISION AND ORDER

CONRAD B. DUBERSTEIN, Bankruptcy Judge.

The petitioning creditors who filed involuntary petitions in bankruptcy against the above debtor move this court for summary judgment seeking orders for relief pursuant to 11 U.S.C. § 303 and for consolidation of

both matters. For reasons set forth below the court denies the motions.

The petitioning creditors are Pan American World Airways (hereinafter Pan Am), British World Airways and Trans World Airways, Inc. The debtors are Chaim Einhorn and Vacation Planning Center, Inc., (hereinafter Vacation).

Summonses relating to the petitions were issued against the debtors requiring them to answer, or otherwise respond, to the petitions. Subsequently, orders for relief were entered against the debtors upon their default and an interim trustee was appointed for each debtor in accordance with § 701 of the Code.

The debtors moved to vacate the orders for relief on the grounds that personal jurisdiction was never obtained over them and for an order dismissing the petitions as well as an order awarding punitive damages against the petitioning creditors. The petitioning creditors cross-moved for orders in both cases consolidating them and directing a hearing on the issues raised by the involuntary petitions as soon as practicable.

At the argument of the motions, it became evident that service of the summons was not properly effected upon the debtors. The court denied the debtors' motions to dismiss the petitions and extended their time to interpose answers, move, or otherwise plead to the involuntary petitions. Additionally, the court vacated the orders granting relief under Chapter 7, and set aside the appointment of the interim trustee. The court reserved decision on the petitioning creditors' motion for consolidation of the proceedings.

Each of the debtors interposed answers to the respective petitions stating in essence that they either lacked sufficient information to form a belief as to the truth of the allegations or that they declined to answer on the ground that it may tend to incriminate them.

Subsequent thereto, the petitioning creditors made the instant motion which renews the previous request for consolidation pursuant to Bankruptcy Rule 117 and for an order for relief under Chapter 7 pursuant to Bankruptcy Rule 121.

## FACTS

During the course of the hearing on this motion and from the memoranda of law and moving papers submitted by the parties the court was advised of the following:

On November 4, 1981 the individual alleged debtor, Chaim Einhorn, president of the corporate alleged debtor, Vacation, a travel agency, pleaded guilty to the charge of grand larceny in the second degree in the Supreme Court of the State of New York, Criminal Division, Kings County. Mr. Einhorn admitted that he "stole or took" proceeds valued in excess of $1,500 from the sale of air traffic tickets, principally those of the petitioning creditors, and that he sold the tickets through his travel agency to the general public pursuant to an agency sales agreement with the Air Traffic Conference of America. The petitioning creditors contend that the sale of the tickets from July 1, 1978 through March 1, 1979, amounted to approximately $1,500,000. The exact amount has not, however, been determined since Mr. Einhorn only pleaded guilty to grand larceny in the second degree which constitutes stealing property in excess of $1,500. New York Penal Law § 155.35.

Prior to the criminal proceeding, the Air Traffic Conference of America requested a Grand Jury investigation of Mr. Einhorn. This investigation resulted in an indictment against Mr. Einhorn who subsequently left the United States and remained away for approximately two years. He returned during 1982 after having negotiated a plea bargaining agreement. The agreement required him to plead guilty to one count of the indictment and to make partial restitution to the defrauded airlines in the sum of $250,000, which he eventually made. In return, the State of New York agreed to dismiss the remaining charges filed against him. Mr. Einhorn was sentenced to a term of weekend incarceration for one year. The restitution was applied pro-rata on account of the monies owed to the petitioning creditors but it did not preclude further civil suits against him.

A civil action was subsequently instituted against Mr. Einhorn by Pan Am in the Supreme Court, State of New York, County of Kings. The court is informed, and it appears from his answers, that Mr. Einhorn invoked his Fifth Amendment right against self-incrimination throughout the proceeding. Apparently, the plaintiff was not able to determine the extent and location of any assets of Vacation held by him. In an effort to obtain relief, the creditors thereafter initiated the involuntary proceedings in this court alleging that "the debtors are generally not paying their debts as they become due." [1]

In support of the subject petition the creditors submitted to the court for its consideration, the guilty plea entered by the debtor, Einhorn, which indicates that he agreed to make partial restitution to the creditors in the sum of $250,000 (Record from *People v. Einhorn,* N.Y.Sup.Ct.1981 at pages 12 & 13). They also submitted as evidence Einhorn's admission that "I stole, I took more than fifteen hundred dollars value in tickets from Trans World Airlines, I did not pay for." (Record at page 15). This is the extent of the petitioning creditors' proof that the respondents are not meeting their debts as they become due and upon which they rely in support of their motion for summary judgment.

## ISSUE

The issue which presents itself for the court's review is whether the evidence introduced to prove "the debtors are generally not paying their debts as they become due" coupled with the effect flowing from Einhorn's invocation of his constitutional right against self-incrimination is sufficient to warrant sustaining the creditors' motion for summary judgment. The court finds that it does not.

**1.** 11 U.S.C. § 303(h) provides:

If the petition is not timely controverted, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed. Otherwise, after trial, the court shall order relief against the debtor in an involuntary case under the chapter under which the petition was filed, only if— (1) the debtor is generally not paying such debtor's debts as such debts become due, or

## DISCUSSION AND CONCLUSIONS

### A. *Summary Judgment*

Summary judgment should be granted when the evidence presents no triable issues of fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). *See, American Manufacturers Mutual Insurance Co. v. American Broadcasting-Paramount Theatres, Inc.,* 388 F.2d 272, 279 (2d Cir.1967), *cert. denied,* 404 U.S. 1063, 92 S.Ct. 737, 30 L.Ed.2d 752 (1972) (quoted in *Securities and Exchange Commission v. Research Automation Corporation,* 585 F.2d 31, 33 (2d Cir.1978)). Rule 56 of the Federal Rules of Civil Procedure is made applicable to this proceeding by 11 U.S.C. 756 and 121, Rules of Bankruptcy Procedure.

In order to sustain a motion for summary judgment, the moving party has the burden of proving the absence of any material fact. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142, 154 (1970). Any doubt concerning the existence of a factual dispute is interpreted in the light most favorable to the party opposing the motion. *United States v. Diebold, Incorporated,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (Per curiam); *In re Schuck,* 13 B.R. 461, 463, 3 C.B.C.2d 128, 130 (Bkrtcy.M.D.Pa.1980). If the petitioning creditors have made the requisite showing that no triable issue of fact exists upon which reasonable persons could disagree, then an insufficient response from the alleged debtors will sustain the motion for summary judgment. Fed.R.Civ.P. 56(e). However, if the evidence does not establish the absence of a material issue, summary judgment must be denied even if no opposing evidence is submitted. *Adickes,* 398

(2) within 120 days before the date of the filing of the petition, a custodian, other than a trustee, receiver, or agent appointed or authorized to take charge of less than substantially all of the property of the debtor for the purpose of enforcing a lien against such property, was appointed or took possession.

U.S. at 160, 90 S.Ct. at 1609, *First National Bank of Arizona v. Cities Service Co.,* 391 U.S. 253, 288–90, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569, 592, *reh'g denied,* 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968).

11 U.S.C. § 303(h)(1) provides that relief will be ordered against the debtor in an involuntary action, if it is found that "the debtor is generally not paying such debtors' debts as such debts become due." Cases which have dealt with this issue have relied on such factors as the number of creditors, the size of the debt and the circumstances surrounding the debtor's non-payment in making their decision. *Matter of Win-Sum Sports, Inc.,* 14 B.R. 389, 391–92, 5 C.B.C.2d 248, 251–52 (Bkrtcy.D.Conn.1981); *Matter of Bowers,* 16 B.R. 298, 303, 5 C.B.C.2d 1376, 1384 (Bkrtcy.D.Conn.1981). In *In re All Media Properties, Inc.,* 5 B.R. 126, 2 C.B.C.2d 449, 6 B.C.D. 586 (Bkrtcy.S.D.Tex. 1980), *aff'd.* 646 F.2d 193 (5th Cir.1981), the court illustrated the problem with a hypothetical case in which a debtor with 100 creditors was not paying 15 of the creditors who represented 80% of the debt owed. The court determined that "generally not paying debts" encompassed missing substantial payments to creditors on a regular basis or missing a substantial number of payments to creditors. The court noted that "the fact [that] some of the creditors did not demand payment does not prove that the debt had not become due." *Id.* at 145, 2 C.B.C.2d at 468, 6 B.C.D. at 594. The court also indicated that where it shows that a debt has not been paid for more than 30 days after it is billed, it sufficiently establishes that the debt has not been paid. *Id.* However, this determination was made after a trial and was based on lengthy evidence.[2]

Additionally, it has been held that the "generally not paying" test is met if there is non-payment of a single claim constituting the "overwhelming portion" of the debt. *Matter of Hill,* 5 B.R. 79, 83, 2 C.B.C.2d 646, 650, 6 B.C.D. 649, 660 (Bkrtcy.D.Minn.1980).

*See, In re Kreidler Import Corp.,* 4 B.R. 256, 2 C.B.C.2d 159, 6 B.C.D. 608 (Bkrtcy.D.Md. 1980) (single debt which constituted 98% of entire debt met test).

The view in this, the Second Circuit, is that evidence which indicates amounts owed by a debtor but which does not indicate when the amounts are actually payable, is insufficient to prove the debtor is not meeting its debts. *Matter of B.D. Intern. Discount Corp.,* 15 B.R. 755, 8 B.C.D. 744, 5 C.B.C.2d 958 (Bkrtcy.S.D.N.Y.1981); *In re Trans-High Corporation,* 3 B.R. 1, 3, 1 C.B.C.2d 509, 512, 6 B.C.D. 213, 214 (Bkrtcy. S.D.N.Y.1980).

Although the petitioning creditors in this matter contend that they are the principal creditors, they have not been able to ascertain whether there are additional creditors since their requests to examine the respondent's books have not been honored. This is due to Mr. Einhorn's invocation of his Fifth Amendment privilege. Neither have the creditors presented any record of their transactions with the respondents. Nevertheless, they ask us to overlook this void. They have further stated that the debtor's admission of guilt in the prior State Court criminal action supports their argument that he is not paying his debts as they become due. As noted earlier, however, that admission of guilt was only for an indefinite amount in excess of $1,500 and therefore does not serve to provide the specific information necessary to support the petition. Likewise, the agreement by the debtor to make partial restitution to the creditors in the sum of $250,000 does not necessarily prove that the debtors are not paying their debts as they become due since the agreement does not state with sufficient specificity the nature and extent of the debtor's total debts. Thus, the absence of evidence in the present case makes it impossible for the court to determine the terms of payment or the time when the debt was payable. There is an insufficient

---

2. The evidence in the *All Media Properties* case indicated that 35 of 47 "new" accounts payable in the amount of $52,138.64 were not paid as they became due, nine "old" accounts payable in the amount of $18,267.07 had not been paid as they became due, and 4 of 6 other debts not on the debtor's books in the amount of $8,217.01 were not paid as they became due.

basis for finding that the petitioning creditors' claims constitute an "overwhelming portion" of the debt or that those debts are not being paid as they become due. We conclude, therefore, that the creditors have not met their burden of proving the absence of any issues of fact. It must be conclusively shown that the debtor is not paying its debts as they become due. Accordingly, since material issues of fact remain to be tried and determined, summary judgment must be denied on this first ground of the creditors' request for relief in view of the paucity of the evidence necessary to establish the grounds for relief.

## B. *Fifth Amendment Privilege*

The petitioning creditors claim that Mr. Einhorn's refusal to testify based on his Fifth Amendment privilege, permits the inference that the creditors' allegations are true, thereby enabling the court to grant their motion for summary judgment.

██ The privilege against self-incrimination may be raised during any civil or criminal trial. *Kastigar v. United States,* 406 U.S. 441, 444, 92 S.Ct. 1653, 1656, 32 L.Ed.2d 212, 217, *reh'g denied,* 408 U.S. 931, 92 S.Ct. 2478, 33 L.Ed.2d 345 (1972). This privilege may be invoked whenever there is a slight possibility of prosecution for a criminal offense. *Hoffman v. United States,* 341 U.S. 479, 486, 71 S.Ct. 814, 818, 95 L.Ed. 1118, 1124 (1951); *United States v. Miranti,* 253 F.2d 135, 139 (2d Cir.1958). It is the prevailing rule that "[t]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano,* 425 U.S. 308, 318, 96 S.Ct. 1551, 1556, 1558, 47 L.Ed.2d 810, 821 (1976).

It has been uniformly recognized that in civil actions, a judgment based solely upon this inference would be a denial of a fundamental constitutional right of protection rendering the assertion of this privilege too costly. *Baxter v. Palmigiano,* at 317, 96 S.Ct. at 1558, L.Ed.2d at 821; *Rockwood Computer Corporation v. Morris,* 94 F.R.D. 64, 67 (E.D.N.Y.1982). However, judgment can be entered if there is substantial evidence in addition to the party's unsupported refusal to testify. *Hughes Tool Company v. Meier,* 489 F.Supp. 354, 375 (D.Utah 1977).

In *Rockwood, supra,* a corporation brought an action against its former president, alleging the breach of a fiduciary duty resulting from a conspiracy to defraud. In support of this allegation, the corporation offered affidavits from two other executives also allegedly involved in the conspiracy. In response the president submitted an affidavit disputing this charge. 94 F.R.D. at 66. Despite the court's conclusion that this created material issues of fact, the corporation argued it was entitled to summary judgment because the president invoked his Fifth Amendment privilege in a deposition, thereby refusing to controvert the charges of fraud. The court, in denying summary judgment, held that it would be a failure of constitutional protection to grant the corporation's motion, although it was supported by an inference adverse to the former president, since there remained material issues of fact yet to be addressed.

██ We therefore conclude, that the evidence presented by the petitioning creditors falls far short of that which is required to enable the court to grant a motion for summary judgment. The petitioning creditors have not sufficiently established that the debtor is not generally paying his debts as they become due so as to remove all issues of fact which are still extant. The creditors cannot presume that the court will grant summary judgment based solely on the adverse inference arising upon Mr. Einhorn's invocation of his Fifth Amendment privilege. To do so would be an abrogation of Mr. Einhorn's right of protection under the Fifth Amendment. The motion for summary judgment is denied.

## C. *Consolidation*

The motion for consolidation will not be addressed at this time. The petitioning creditors have not yet established that their involuntary petitions have a proper legal

basis. Thus, it is premature and therefore unnecessary to rule on that aspect of the motion at this time. If and when the petitioning creditors prove to the satisfaction of this court that their petitions are justified a motion for consolidation will be given appropriate consideration. The parties are directed to proceed to undertake all necessary discovery proceedings so as to provide for the expeditious trial of the issues.

IT IS SO ORDERED.