In re LOLLIPOP, INC. a/k/a Palm–G Distributors, Debtor.

Roy BABITT, as Trustee of the estate of Lollipop, Inc. a/k/a Palm–G Distributors, Plaintiff,

v.

Erika SCHWARTZ, Defendant.

Bankruptcy No. 194–15319–260.
Adv. No. 195–1054–260.

United States Bankruptcy Court,
E.D. New York.

March 7, 1997.

Warshaw Burstein Cohen Schlesinger & Kuh, L.L.P., New York City, for plaintiff, trustee.

Backenroth & Grossman, L.L.P., New York City, for defendant.

## DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

CONRAD B. DUBERSTEIN, Chief Judge.

This matter comes before the Court as an adversary proceeding brought by Roy Babitt, the Chapter 7 Trustee of the estate of Lollipop, Inc. (hereinafter referred to as "Trustee" or "Plaintiff"), to recover funds which were allegedly transferred fraudulently within the meaning of New York Debtor and Creditor Law section 273 ("NYDCL") and Bankruptcy Code §§ 544(b) and 548 ("Code"). The Plaintiff has moved for summary judgment under Federal Rule of Civil Procedure 56, which is applicable to this proceeding through Rule 7056 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"). The Defendant opposes the summary judgment motion on the grounds that

there are disputed issues of material fact. After consideration of the facts and issues presented and for the following reasons, the Plaintiff's motion for summary judgment is granted.

## FACTS

The Debtor, Lollipop, Inc., is a Brooklyn-based company which formerly distributed general merchandise, including health and beauty aids, to independent grocery stores. The present adversary proceeding was precipitated by the filing of an involuntary Chapter 7 petition against the Debtor on July 1, 1994. The petitioning creditors alleged that the Debtor's principals were depleting the assets of Lollipop, Inc. and converting the proceeds for their personal use. Pending the entry of an order for relief, the petitioning creditors requested the appointment of an interim trustee to preserve the assets of the estate. By an order dated July 22, 1994 the Court granted that request and Roy Babitt was duly appointed. After the Debtor failed to answer the involuntary petition an order for relief was entered on July 19, 1994 and subsequently Roy Babitt was appointed the Chapter 7 trustee of the estate.

As trustee of Lollipop, Inc. the Plaintiff commenced numerous adversary proceedings, all of which seek to recover money or property the Debtor allegedly transferred prepetition. The instant adversary proceeding was filed on February 17, 1995 and seeks to recover approximately $27,000 from Erika Schwartz ("Defendant"). The Defendant is the wife of Bernard Schwartz, one of the principals of the Debtor and a holder of various executive positions within Lollipop, Inc.[1] In this action against Erika Schwartz the Trustee alleges that between December, 1993 and February, 1994, just prior to the filing of the involuntary petition, the Debtor issued 27 checks of $1,000 each made payable to the Defendant.[2] Nineteen of these checks

---

1. Bernard Schwartz is also a defendant in an adversary proceeding brought by the Trustee. *Babitt v. BYS Enterprises, Inc., Bernard Schwartz and Philip Sofer*, Adv.Pro. No. 95–1018–260.

2. While the Trustee's complaint alleged that all 27 checks constituted fraudulent conveyances, he moves for summary judgment as to only 24 of the checks. Although the other three checks were issued by the Debtor and made payable to the Defendant, they were returned unpaid due to

were signed by Bernard Schwartz on behalf of the Debtor.

The Trustee contends that he has been thwarted in every attempt to gain information on the checks in question due to the fact that at her deposition Erika Schwartz refused to answer questions posed by Trustee's counsel and instead cited her Fifth Amendment privilege against self-incrimination. The Trustee thus relies upon the affidavit of his accountant who states that after an examination of the Debtor's books and records he has been unable to locate any evidence that the Debtor received consideration from Erika Schwartz in exchange for the checks. In addition, the accountant determined that the Debtor was insolvent at the time of the conveyances. Based upon this information, the Trustee seeks to recover the funds for the estate as fraudulent conveyances according to §§ 550, 544(b), 548(a)(2) of the Code and section 273 of the NYDCL. The Defendant denies all of these allegations, and counters that the complaint fails to state a claim upon which relief can be based.[3] Erika Schwartz also claims that the Trustee is utilizing this adversary proceeding to indirectly attack her husband, Bernard Schwartz.

The Trustee now moves for summary judgment pursuant to Bankruptcy Rule 7056, which incorporates Federal Rule of Civil Procedure 56. The Trustee contends that there are no genuine issues of material fact and that he has met his burden in proving that the checks constituted fraudulent conveyances. According to the Trustee, by providing evidence that there was no consideration for the checks, the burden has shifted to the Defendant to come forward with a plausible explanation for the transfers. As Erika Schwartz has consistently pleaded her privilege against self-incrimination when asked to explain the checks, the Trustee claims that the Defendant has failed to explain the transfers or to provide evidence of any consideration to the Debtor. In opposition to the motion for summary judgment, the Defendant requests that no adverse inference be drawn from her invocation of the Fifth Amendment privilege. According to the Defendant, there are disputed issues of fact in as much as the Defendant answered the complaint and denied the allegations contained within it. Finally, the Defendant requests that this Court deny the summary judgment motion based upon the possible testimony of one of the Debtor's former principals, Philip Sofer. Mr. Sofer, who previously was unwilling to provide information about the Debtor, has now agreed to cooperate with the Trustee. The Defendant contends that because Mr. Sofer is now available to explain the transfers in question the summary judgment motion should be denied or at least adjourned until Mr. Sofer has testified.

## DISCUSSION

The Trustee's motion seeks summary judgment based on Federal Rule of Civil Procedure 56, applicable here through Bankruptcy Rule 7056. Rule 56(c) provides in pertinent part that:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED.R.CIV.P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.), cert. denied, 502 U.S. 849, 112 S.Ct. 152, 116

insufficient funds. Because the Defendant received no benefit from these checks, the Trustee does not include them in the summary judgment motion.

3. Although the Defendant raised this claim as an affirmative defense in her answer, it was never raised in any subsequent pleadings and the Defendant never contacted the Court to schedule a hearing on the matter. Nevertheless, the Court finds that the Defendant's affirmative defense is meritless. To withstand a challenge under Federal Rule of Civil Procedure 12(b)(6), a complaint must merely present a general statement of facts upon which a responsive pleading may be framed. See 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990). The Plaintiff's complaint sufficiently presents facts to support his claims, therefore the Court rejects the Defendant's contention that the complaint fails to state a claim upon which relief can be granted.

L.Ed.2d 117 (1991). It is the burden of the party seeking summary judgment to establish the absence of any genuine issues of material fact. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552; *Goenaga v. March of Dimes Birth Defects Found.,* 51 F.3d 14, 18 (2d Cir.1995); *Gallo v. Prudential Residential Servs.,* 22 F.3d 1219, 1223 (2d Cir.1994).

In facing a summary judgment motion, the opponent must show that there is a genuine issue for trial and may not rest on the allegations or denials in his pleadings. FED. R.CIV.P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514–15, 91 L.Ed.2d 202 (1986). It is insufficient for the non-movant to oppose a summary judgment motion by raising a "metaphysical doubt" concerning a material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *see also Bryant,* 923 F.2d at 982 (noting that "conjecture or surmise" will not defeat a summary judgment motion). The court's role in evaluating a summary judgment motion is to draw all inferences and resolve all ambiguities in favor of the opponent and to determine whether there are genuine issues for trial, without weighing the evidence or determining the truth of the matter. *See Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11; *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). Taking the record as a whole, the court may grant summary judgment where a rational trier of fact could not find for the non-movant. *Matsushita,* 475 U.S. at 587, 106 S.Ct. at 1356; *Gallo,* 22 F.3d at 1223–24.

■ The Trustee is moving for summary judgment on fraudulent conveyance claims arising under § 544(b) of the Code and section 273 of the NYDCL.[4] Code § 544(b) provides that the trustee may avoid a transfer of the debtor's interest in property which is voidable under applicable state law by a creditor holding an allowable unsecured claim. 11 U.S.C. § 544(b). In the present case the applicable state law is NYDCL section 273. Section 273, entitled "Conveyances by insolvent," provides that:

> Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration.

N.Y.DEBT. & CRED.LAW § 273 (McKinney 1990). If the requirements of lack of fair consideration [5] and insolvency [6] are met, a transfer can be found to be a fraudulent conveyance under NYDCL section 273 regardless of the intent of the transferor. *See HBE Leasing Corp. v. Frank,* 48 F.3d 623, 633 (2d Cir.1995); *Goscienski v. LaRosa (In re Montclair Homes),* 200 B.R. 84, 95 (Bankr.E.D.N.Y.1996).

■ Generally the party challenging the conveyance has the burden of proving both insolvency and a lack of fair consideration in the transaction. *See In re 375 Park Avenue Assocs., Inc.,* 182 B.R. 690, 695 (Bankr.

---

4. The complaint in this adversary proceeding states that the Trustee is seeking to set aside the transfers in question under Bankruptcy Code §§ 544(b) and 548, together with NYDCL section 273. However, the Trustee's summary judgment motion and accompanying memoranda of law discuss only Code § 544(b) and NYDCL section 273 as the statutory basis for recovery. Because of his failure to brief, as part of the summary judgment motion, any claim pursuant to Code § 548, this Court will render decision only on the Trustee's claims under Bankruptcy Code § 544(b) and NYDCL section 273.

5. New York's definition of "fair consideration" is as follows:

> Fair consideration is given for property, or obligation,

> a. When in exchange for such property, or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or

> b. When such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained.

N.Y.DEBT. & CRED.LAW § 272 (McKinney 1990).

6. New York's fraudulent conveyance statute defines "insolvency" as including the following:

> [W]hen the present fair salable value of [a person's] assets is less than the amount that will be required to pay his probable liability on his existing debts as they become absolute and matured.

N.Y.DEBT. & CRED.LAW § 271(1) (McKinney 1990).

S.D.N.Y.1995); *Pereira v. Goldberger (In re Stephen Douglas, Ltd.),* 174 B.R. 16, 20 (Bankr.E.D.N.Y.1994). But, a defendant may be required to come forward with proof to support his or her contentions of fair consideration if the plaintiff has shown that there is a paucity of evidence available on that issue. *See Pereira v. Private Brands, Inc. (In re Harvard Knitwear, Inc.),* 193 B.R. 389, 396 (Bankr.E.D.N.Y.1996) (citations omitted).

■ In the instant case the Trustee has provided evidence that the Debtor was insolvent at the time of the transactions in question through the affidavit of his accountant, Eli Rosman. Mr. Rosman states in his affidavit that after reviewing the Debtor's books and records he found that the Debtor "was insolvent at all times during the period December 15, 1993 through May 24, 1994." (Rosman Aff. ¶ 18.) In responding to the summary judgment motion the Defendant has provided no information to controvert the accountant's statement. The Trustee's unchallenged proof means that there is no issue of material fact requiring a trial on the question of the Debtor's insolvency at the time of the transfers.

■ As to the showing of a lack of fair consideration required by NYDCL section 273, the Trustee again relies on his accountant's examination of the Debtor's books and records. Mr. Rosman states that the Debtor's books and records contain no evidence of consideration for the payments to the Defendant. (Rosman Aff. ¶ 15.) The Debtor's records reveal no employment relationship with the Defendant nor is there evidence that the Defendant provided any goods or services to the Debtor. (*Id.*) Based upon this examination the accountant concludes that the Debtor received no fair consideration for the checks issued to Erika Schwartz. (*Id.*) Again, the Defendant's responding papers do not provide any evidence to counter the accountant's statements. As the Trustee has presented sufficient evidence to conclude that

there was a lack of consideration for the transfers, the Defendant should come forward with evidence of consideration which would necessitate a trial. *See Private Brands, Inc.,* 193 B.R. at 397 (finding that a properly supported summary judgment motion compels the defendant to reveal "specific evidence from which a rational trier of fact could infer the existence of fair consideration"). Here the Defendant has provided no evidence to suggest the existence of fair consideration. In addition to presenting direct evidence regarding the lack of consideration, the Trustee also relies on the fact that the Defendant has failed to provide any evidence of consideration. (Pl.'s Mem.Supp. Summ.J.Mot. at 7–10.) The movant may sustain his or her burden of proof in a summary judgment motion by showing that little or no evidence supports the nonmovant's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2553–54; *Gallo,* 22 F.3d at 1223–24 (citations omitted). Due to the Defendant's silence on this issue in the face of a sworn affidavit, the Court finds the Trustee has sustained his burden and thus there is no triable issue of material fact as to the lack of consideration for the transfers.

■ Finally, as required by Code § 544(b)[7] the Trustee may utilize state fraudulent conveyance law to avoid a transfer only if there exists an actual unsecured creditor who could void the transfer under applicable law. *Young v. Paramount Communications, Inc. (In re Wingspread Corp.),* 178 B.R. 938, 945 (Bankr.S.D.N.Y.), *aff'd,* 186 B.R. 803 (S.D.N.Y.1995); *see also* 4 COLLIER ON BANKRUPTCY ¶ 544.03 (Lawrence P. King ed., 15th ed. 1996) ("Like Prometheus bound, the trustee is chained to the rights of creditors in the case under title 11.") The Trustee's accountant states that during the period when the suspect transfers took place the Debtor had one or more actual unsecured creditors, including a creditor named "Quality King Distributors, Inc." of Ronkonkoma, New York. (Rosman Aff. ¶ 19.) This state-

---

7. Section 544(b) states:
   The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unse-
   cured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.
   11 U.S.C. § 544(b).

ment by the accountant also goes unchallenged in the Defendant's response to the summary judgment motion. *Cf. Young,* 178 B.R. at 946 (finding summary judgment inappropriate where defendant challenged existence of creditor qualified under section 544(b)). Therefore the Court concludes that the Trustee is qualified under § 544(b) to employ NYDCL section 273 in order to set aside the transfers.

■ In addition to the previously described substantive law, the Defendant's response to the summary judgment motion is procedurally inadequate. The Defendant contends that there is a genuine dispute as to the facts in the complaint because she filed an answer denying the complaint's allegations. (Def.'s Supplemental Obj. Summ.J.Mot. ¶ 2–3.) This contention is soundly rebutted by the summary judgment rule itself. Federal Rule of Civil Procedure 56(e) states in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

FED.R.CIV.P. 56(e). This portion of Rule 56 was added specifically to overcome claims such as that made by the Defendant. FED. R.CIV.P. 56 advisory committee's note (1963). Allowing contentions in the pleadings, by themselves, to "stand in the way of granting an otherwise justified summary judgment is incompatible with the basic purpose of the rule." *Id.* Thus an opponent of a summary judgment motion may not rest upon his or her pleadings, but must instead provide the court with significant evidence to indicate that their version of the facts is not "a meritless allegation." *See M and F Hides and Skins Co., Inc. v. Victory Veal, Inc. (In re Victory Veal, Inc.),* 186 B.R. 22, 28 (Bankr. E.D.N.Y.1995) (citing *SEC v. Research Automation Corp.,* 585 F.2d 31, 33 (2d Cir.1978)).

Facing a summary judgment motion this Defendant responds with vague possibility or chimerical speculation. The Defendant's lawyer proffers the *possible* testimony of Mr. Philip Sofer, a former principal of the Debtor, as being able to explain the suspect checks. (Def.'s Supplemental Obj. Summ.J.Mot. ¶ 7.) The Defendant offers no factual basis to support the claim that Mr. Sofer will explain these transactions, and there is no statement from Mr. Sofer himself to indicate how relevant any such testimony might be. *See Carey v. Crescenzi,* 923 F.2d 18, 21 (2d Cir.1991) (finding that a "bald assertion" unsupported by evidence is not sufficient to satisfy the burden of an opponent to summary judgment). Instead the Court is provided with attorney speculation as to the nature of Mr. Sofer's testimony. (Def.'s Supplemental Obj.Summ.J.Mot. at ¶ 10, stating that Mr. Sofer's testimony "may support" the Defendant's denials of the claims made against her.) This is precisely the type of "metaphysical doubt" that is insufficient in the face of a properly pleaded summary judgment motion. *See Matsushita,* 475 U.S. at 586, 106 S.Ct. at 1355–56.

■ The Defendant's response to the summary judgment motion is also inadequate in its failure to comply with the local bankruptcy rules. Rule 22(b) of the Local Rules for the Bankruptcy Court of the Eastern District of New York provides:

> (b) Motions for Summary Judgment. Upon any motion for summary judgment, there shall be annexed to the notice of motion a separate, short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried. *All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.*

E.D.N.Y. LOCAL BANKR.R. 22(b) (emphasis added). The Trustee complied with this re-

quirement, by attaching to the notice of summary judgment motion a document clearly marked "Plaintiff's Statement Pursuant to Local Bankruptcy Rule 22(b)." The Defendant was required under the rule to respond with her own statement of those matters to which she contends there is a triable issue of material fact. *See L.G.H. Enters., Inc. v. Kadilac Mortgage Bankers, Ltd. (In re L.G.H. Enters., Inc.)*, 146 B.R. 612, 615 (Bankr.E.D.N.Y.1992). However, the Defendant's responses to the summary judgment motion do not directly reference the local rule, nor do they indirectly fulfill the rule's requirements. Therefore the Trustee's statements in his "Rule 22(b) Statement" may be deemed admitted by the Defendant. While the failure to comply with this rule could itself be an adequate basis for granting the Trustee's summary judgment motion, as the prior discussion reveals, the Court rests its decision on the substantive flaws of the Defendant's response.

Finally, this Court must contend with the Fifth Amendment privilege issues raised by the Defendant in her response to the summary judgment motion. At her deposition, Ms. Schwartz utilized her privilege against self-incrimination in response to numerous questions posed by the Trustee's counsel, including all questions regarding the suspect checks. The Defendant claims that the basis for the summary judgment motion is the refusal by Ms. Schwartz, through her assertion of the privilege against self-incrimination, to provide information to the Trustee. (Def.'s Obj.Summ.J.Mot. ¶ 3.) The Defendant requests that this Court not draw adverse inferences from this exercise of the Fifth Amendment privilege, and that any inferences which are drawn against the Defendant not be used as grounds for granting the summary judgment motion. (*Id.* at ¶ 6–7.) In making such a request, the Defendant misconstrues the elements required for the Trustee's summary judgment motion.

■ It is well settled that a court may draw adverse inferences against a party to a civil action when that party refuses to testify in the face of probative evidence. *Baxter v. Palmigiano*, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558, 47 L.Ed.2d 810 (1976). However these

inferences should not be the sole basis for the claims against the party invoking the privilege, as such claims should otherwise be supported by evidence. *See In re Einhorn*, 29 B.R. 966, 970 (Bankr.E.D.N.Y.1983) (stating that judgment may be granted if sufficient evidence is provided in addition to party's refusal to testify due to privilege). The Defendant incorrectly relies on this Court's opinion in *Einhorn* for protection from summary judgment. In *Einhorn*, the evidence presented was insufficient to sustain a judgment, outside of any inferences drawn from the invocation of the Fifth Amendment. *Id.* As the prior discussion illustrates, in this case the Trustee has provided evidence on each element required for his fraudulent conveyance claim. The Defendant was free to raise disputed issues of material fact by providing evidence beyond any supposedly self-incriminating statements. Instead the Defendant, in her responses, failed to controvert the Trustee's evidence and failed to raise any issues of material fact requiring a trial. Therefore, there is no need to reach questions of Fifth Amendment privilege within the context of this motion. The Trustee carried his burden under the statute, thus the Court grants the summary judgment motion without reliance on any inferences which may be drawn from the Defendant's invocation of the Fifth Amendment.

## CONCLUSION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding as stated in 28 U.S.C. § 157(b)(2)(H).

2. The 24 checks issued by the Debtor and made payable to the Defendant, in the total amount of $24,000, constitute fraudulent conveyances within the meaning of New York Debtor and Creditor Law section 273, applicable to this proceeding by 11 U.S.C. § 544(b).

3. The Plaintiff's motion for summary judgment, pursuant to Federal Rule of Bankruptcy Procedure 7056 and Federal Rule of Civil Procedure 56, is granted.

SETTLE AN ORDER IN CONFORMI-
TY WITH THIS OPINION.