In re **COLONIAL REALTY COMPANY, Jonathan Googel, Jonathan Googel, Benjamin Sisti, Consolidated Debtors.**

**Hal M. HIRSCH, as Trustee of the Consolidated Estate of Colonial Realty Company, Jonathan Googel and Benjamin Sisti, Plaintiff,**

v.

**Dominick LOPREATO, Defendant.**

Bankruptcy No. 90–21980.
Adversary No. 93–2315.

United States Bankruptcy Court,
D. Connecticut.

June 3, 1997.

David M. Pollack and Howard P. Magaliff, Gainsburg & Hirsch, Purchase, NY, for Trustee–Plaintiff.

Steven W. Varney, Brown, Paindiris & Scott, Hartford, CT, for Defendant.

## RULING AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

### ISSUE

The matter before the court is the plaintiff's motion for summary judgment on his complaint to avoid and recover certain alleged fraudulent transfers. The plaintiff asserts, and the defendant denies, that the plaintiff is entitled to judgment, primarily under collateral estoppel principles, based upon the defendant's conviction after trial of receiving the said transfers as bribes.

### II.

### BACKGROUND

The plaintiff, Hal M. Hirsch, as Trustee of the Consolidated Estate of Colonial Realty Company ("Colonial"), Jonathan Googel ("Googel") and Benjamin Sisti ("Sisti"), Debtors (together "the debtors"), on October 15, 1993, filed a complaint against the defendant, Dominick Lopreato. Colonial, a Connecticut general partnership with Googel and Sisti as the sole general partners, was a nationwide syndicator of real estate limited partnerships. The defendant was a trustee of the Connecticut Laborers' Pension Fund (CLPF) as well as the officer, agent and employee of several Connecticut labor unions. The complaint, as amended, alleged that the debtors, on or about September 28, 1989, gave the defendant $150,000.00 in cash, and on or about December 15, 1989, gave him a gold Rolex

watch purchased by the debtors for $7,600.00, in exchange for the defendant's influence in causing the CLPF to invest over $8,000,000 of its funds in three limited partnerships sponsored by Colonial. The plaintiff contends he is entitled to recover the monies and property transferred to the defendant (1) as a fraudulent conveyance pursuant to Bankruptcy Code § 544[1] and Conn. Gen.Stat. §§ 52–552, *et seq.* (Repealed)[2], and (2) as transfers unjustly enriching the defendant. In an indictment filed on September 20, 1994, a federal grand jury charged the defendant with bribery, conspiracy, perjury and filing false tax returns in connection with the $150,000 and gold Rolex watch transfers. On May 17, 1995, after a trial held in the United States District Court for the District of Connecticut, a jury convicted the defendant on all charges.[3]

The plaintiff asserts that he is entitled to summary judgment based on his submission of an accountant's affidavit establishing the debtors' insolvency and because collateral estoppel principles preclude the defendant from disputing facts placed in issue and directly determined as a result of the prior criminal proceeding. The defendant argues that the court should not rely on the affidavit because it is inadmissible due to evidentiary weaknesses and that collateral estoppel is inapplicable because the issues resolved by the criminal conviction "are [not] the same issues involved in this fraudulent transfer action." *Defendant's Brief* at 2.

**1.** Section 544(b) provides:

> (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.
> 11 U.S.C. § 544(b).

**2.** Connecticut General Statutes § 52–552 ·(repealed 1991) provided that:

> All fraudulent conveyances, suits, judgments, executions or contracts, made or contrived with intent to avoid any debt or duty belonging to others, shall notwithstanding any pretended consideration therefor, be void as against those persons only, their heirs, executors, administrators or assigns, to whom such debt or duty belongs.

## III.

### DISCUSSION

The plaintiff contends that he is entitled, *inter alia*, to recover the transfers under Conn.Gen.Stat. § 52–552 pursuant to a theory of constructive fraud. "Under this statute, a person wishing to avoid an alleged fraudulent conveyance has the burden of proving either constructive fraud or actual fraud." *Gaudio v. Gaudio*, 23 Conn.App. 287, 307, 580 A.2d 1212, 1223 (1990), *cert. denied*, 217 Conn. 803, 584 A.2d 471 (1990). ·The party seeking to set aside a conveyance as constructively fraudulent must prove that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations. *Tyers v. Coma*, 214 Conn. 8, 11, 570 A.2d 186, 188 (1990). The plaintiff asserts that summary judgment should enter because his motion papers establish that Colonial was insolvent at the time of the transfers and, as a matter of law, the defendant gave no substantial consideration in exchange for the transfer.

### A.

### INSOLVENCY

To establish insolvency, the plaintiff submitted the affidavit of an expert certified public accountant, Martin E. Stauffer (Stauffer). Stauffer averred that his conclusion that the debtors, at all times concerned, were insolvent, was based solely upon the review and verification for truthfulness, accuracy and completeness, by Stauffer and those

Conn.Gen.Stat. § 52–552 (repealed 1991).

**3.** The conviction and sentence were affirmed on appeal. *United States of America v. Lopreato*, 83 F.3d 571, 574 (2nd Cir.1996), *cert. denied*, — U.S. —, 117 S.Ct. 187, 136 L.Ed.2d 125 (1996) ("The evidence at trial showed that Lopreato informed Colonial (through its representatives) that the CLPF would invest in Colonial's securities if Lopreato was paid. The evidence showed that thereafter Lopreato arranged for Colonial to pitch its securities to the CLPF trustees, and that subsequently, Lopreato and the other trustees voted in favor of investing. Immediately following each of the two CLPF investments, Welch delivered cash payments to Lopreato, as promised by Colonial's representatives and as demanded by Lopreato. This evidence fully supports [the District Court's] finding that these payments were bribes. . . .").

working under his supervision, of relevant books, records and documents in the possession of the plaintiff and others to determine the sources and uses of cash by the debtors. The materials used included the debtor's federal tax returns, financial statements, net worth statements, material prepared by Colonial employees and outside professionals for distribution to potential investors, cancelled checks, responses to subpoenas, and offering memoranda. Stauffer also interviewed Colonial employees as part of his verification procedures.

While the defendant proffered nothing to rebut the conclusion of insolvency established by the Stauffer affidavit, the defendant contends the affidavit is unreliable because it is based on hearsay and documentary evidence that the defendant has had no opportunity to review.

■ An expert may rely upon facts and data which are inadmissible as long as the expert's reliance upon such materials is reasonable.[4] *International Adhesive Coating Co., Inc. v. Bolton Emerson International,* 851 F.2d 540, 544 (1st Cir.1988) (corporation's financial records and interviews with corporation's employees were sources reasonably relied upon by accountants) (citations omitted). "Rule 703 broadens the acceptable bases for expert testimony by allowing an expert to base an opinion on hearsay and other evidence not admissible in court." *Ambrosini v. Labarraque,* 966 F.2d 1464, 1466 (D.C.Cir.1992), *on remand,* No. Civ.A. 84–3483(NHJ), 1995 WL 637650 (D.D.C. Oct. 18, 1995), *rev'd and remanded,* 101 F.3d 129 (D.C.Cir.1996), and *cert. dismissed,* — U.S. ——, 117 S.Ct. 1572, 137 L.Ed.2d 716 (1997) (citing Fed.R.Evid. 703 advisory committee's note).

The court concludes that it may rely upon the Stauffer affidavit since his expert testimony would be admissible at trial and further concludes that the debtors were insolvent at the time of the transfer to the defendant. *See Babitt v. Schwartz (In re*

*Lollipop, Inc.),* 205 B.R. 682, 687 (Bankr. E.D.N.Y.1997) (uncontroverted affidavit of accountant sufficient to sustain trustee's burden on motion for summary judgment to prove issue of insolvency in action to set aside fraudulent transfer); *Dicello v. Jenkins (In re International Loan Network, Inc.),* 160 B.R. 1, 6, 12 (Bankr.D.D.C.1993) (accountant's affidavit, based upon inadmissible facts or data reasonably relied upon by accountants generally, established debtor's insolvency); *In re Taubman,* 160 B.R. 964, 976–77, 980 (Bankr.S.D.Ohio 1993) (same).

## B.

### LACK OF SUBSTANTIAL CONSIDERATION

■ The defendant was convicted of violating 18 U.S.C. § 1954 with respect to his receipt, after solicitation, of $150,000 in cash and the Rolex watch. That statute provides:

> Whoever being ... [a] trustee [or] agent ... of any employee welfare benefit plan or employee pension benefit plan ... receives or agrees to receive or solicits any fee, kickback, commission, gift, loan, money or thing of value because of or with intent to be influenced with respect to, any of his actions, decisions, or other duties relating to any question or matter concerning such plan ... shall be fined under this title or imprisoned not more than 3 years, or both....

18 U.S.C. § 1954 (1984 & Supp.1997). The defendant's conviction conclusively established that he received the transfers from the debtors as part of an illegal transaction.

"It is well established that a prior criminal conviction may work an estoppel ... in a subsequent civil proceeding." *Emich Motors Corp. v. General Motors Corp.,* 340 U.S. 558, 568, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951) (citations omitted). "Such estoppel extends only to questions distinctly put in issue and

---

4. Fed.R.Bankr.P. 9017 states that the Federal Rules of Evidence apply in adversary proceedings in the bankruptcy court. Fed.R.Evid. 703 provides as follows:

   The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to

   the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.

   Fed.R.Evid. 703.

directly determined in the criminal prosecution.... In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." 340 U.S. at 569, 71 S.Ct. at 414, 95 L.Ed. 534 (citations and quotation marks omitted). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (citations omitted).

 The defendant, as a convicted bribe recipient, is not in a position to claim that he gave substantial consideration for the transfers. This is so because of the "elementary principle that one who has himself participated in a violation of law cannot be permitted to assert in a court of justice any right founded upon or growing out of the illegal transaction." *Gibbs & Sterrett Mfg. Co. v. Brucker,* 111 U.S. 597, 601, 4 S.Ct. 572, 574, 28 L.Ed. 534 (1884) (citation omitted). The fact that the debtors participated in the bribery is no defense to the defendant. "[A] trustee acts as a representative of the creditors of the estate ... [and] a trustee's ability to obtain a recovery for an estate and its blameless creditors may not be denied by the pre-petition wrongful conduct of the debtor." *Wedtech Corporation v. Nofziger (In re Wedtech Corporation),* 88 B.R. 619, 622 (Bankr.S.D.N.Y.1988) (Chapter 11 debtor-in-possession, having same rights and powers as trustee, was not precluded from recovering corporate assets transferred by debtor to defendants as part of illegal lobbying contract) (citations omitted). *Cf. Martino v. Edison Worldwide Capital (In re Randy),* 189 B.R. 425, 441 (Bankr.N.D.Ill.1995) (Debtor's payments to brokers in furtherance of debtor's criminal scheme to defraud investors recoverable by trustee as fraudulent transfers).

## IV.

### CONCLUSION

Under Fed.R.Civ.P. 56(c), made applicable in bankruptcy proceedings by Fed. R.Bankr.P. 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(e) further provides that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading...." Fed.R.Civ.P. 56(e). The plaintiff has established that the debtors made the transfers while insolvent and for less than substantial consideration. The court finds that there are no genuine issues of material fact and that the plaintiff is entitled to avoid and recover as fraudulent transfers from the defendant the $150,000 cash payment and the gold Rolex watch. Other theories of recovery the plaintiff advanced need not be considered.

In a prior ruling of this court, the issue of whether the plaintiff is timebarred from bringing this action was left for determination at trial. Accordingly, the plaintiff's motion is granted determining the liability of the defendant to the plaintiff, subject to the plaintiff prevailing at a trial limited to the issue of whether the action is timebarred. It is

SO ORDERED.